UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RYAN FRAVEL,**

      **Plaintiff,**

v.                                    **Civil Action 2:21-cv-4361**
                                         **Judge James L. Graham**
                                         **Magistrate Judge Chelsey M. Vascura**

**ARIEL CORPORATION,**

      **Defendant.**

## REPORT AND RECOMMENDATION

    This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's failure to comply with the Court's April 26, 2022 Show Cause Order. (ECF No. 11.) For the following reasons, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

    Plaintiff initiated this action on September 7, 2021. (ECF No. 1.) On February 1, 2022, the Court issued a Notice designating a mediator for this case and instructing the parties to confer and schedule a mediation. Subsequently, Plaintiff's lawyers successfully moved to withdraw because Plaintiff had ceased communicating with them. (ECF Nos. 9, 10.) On April 25, 2022, the court-appointed mediator informed the Court that no mediation had been scheduled and that Plaintiff had not been responsive. Consequently, the Court issued a Show Cause Order on April 26, 2022, requiring Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute based upon his failure to respond to the court-appointed mediator. Although

Plaintiff had fourteen days, or until May 10, 2022, to comply, he has not responded to the Show Cause Order.

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

2

**III.**

Under the circumstances of this case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b) because Plaintiff has caused significant delay and failed to comply with a clear Court order. Specifically, Plaintiff failed to respond to the court-appointed mediator. Further, Plaintiff failed to respond to the Court's Show Cause Order requiring him show cause as to why his claims should not be dismissed. Moreover, the Court explicitly cautioned Plaintiff that failure to comply with the Show Cause Order "may result in dismissal of his claims with prejudice for failure to prosecute. (ECF No. 11.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with a clear Court order, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Because Plaintiff has failed to respond to the court-appointed mediator and disregarded a clear Court order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

3

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

      The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE